**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

REDONDO CONSTRUCTION, CO.,

**Plaintiff,**

**v.**                                               **CIVIL NO.** 01-2690 (FAB)

JOSE IZQUIERDO, *et al.*,

**Defendants.**

**MEMORANDUM AND ORDER**

Before the Court is the motion for judgment on the pleadings pursuant to Federal Rule Civil Procedure 12(c) ("Rule 12(c)") filed by defendants Jose M. Izquierdo, Fernando Fagundo, and Jose F. Lluch (collectively, "individual defendants"). (Docket No. 549.) In their motion, individual defendants contend that (1) plaintiff Redondo Construction Corporation's damages claim pursuant to article 1802 of the Puerto Rico Civil Code is time-barred; (2) they are not liable pursuant to article 1802 because they enjoy qualified immunity; and (3) plaintiff cannot prevail on its article 1802 claim because it cannot establish all elements of a damages claim. Id. at pp. 9-20. Also before the Court is the individual defendants' motion in compliance with the Court's order,[1] in which

---

[1] On March 22, 2012, the Court issued an Order for all parties to simultaneously file a brief regarding the plaintiff's remaining legal claims. (Docket No. 538.)

defendants[2] reiterate their arguments and claim that plaintiff has
no right to damages for termination of the Settlement Agreement
because of Puerto Rico Law No. 458 ("Law 458"), Puerto Rico case
law, and the law of this case.  (Docket No. 547.)  Additionally,
the  Court  considers  defendant  Puerto  Rico  Highway  and
Transportation Authority ("PRHTA")'s motion in compliance with the
Court's March 22, 2012 Order.  (Docket No. 550.)  In its motion,
defendant PRHTA seeks dismissal of the suit by also claiming that
plaintiff is not entitled to any damages pursuant to Law 458,
Puerto Rico case law, and the law of this case.  Id.  Defendant
PRHTA also submits a motion to strike plaintiff's motion in

---

[2] Defendant Anibal Acevedo-Vila, former governor of Puerto Rico,
who is sued only in his official capacity, also joined in the
motion, seeks dismissal of all claims against him because no claims
for declaratory and injunctive relief remain. (Docket No. 547 at
p. 28.)  He argues that the Court dismissed all claims for
declaratory and injunctive relief in Docket No. 112, and because
the remaining claims are for breach of contract and negligence
pursuant to article 1802, the claims against him must be dismissed.
Id.  Plaintiff briefly replies that the Court in Docket No. 112
denied a preliminary injunction, but that plaintiff's "claim for a
permanent injunction is very much alive, as well as its contention
that the Governor has the duty to enforce Law 458 in the way it was
enacted by the Legislature, which was for it to apply prospectively
and not retroactively, or even if prospectively, not in scenarios
in which such application would be tantamount to a violation of the
Contracts Clause of the United States Constitution."  (Docket
No. 575 at p. 32.)  As plaintiff informed the Court, however, its
remaining claim is for damages pursuant to article 1802.  Pursuant
to the "Ley de Pleitos Contra el Estado," P.R. Laws Ann. tit. 32,
§ 3077, the Commonwealth is the proper defendant for tort damages
caused by any person acting in an official capacity within the
scope of his or her office.  Accordingly, plaintiff's article 1802
claim against defendant Anibal Acevedo-Vila is dismissed with
prejudice.

compliance with the Court's Order, Docket No. 545, for including indecorous and scandalous language.  (Docket Nos. 557 & 573, 574.)  For the reasons discussed below, the Court **DENIES** all of defendants' motions.

## I.   RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

### A.   Standard

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).  When considering a motion pursuant to Rule 12(c), a "court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . ." Id. (internal quotation and citation omitted).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  When faced with a motion for judgment on the pleadings, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez, 640 F.3d at 12 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)).  Any "[n]on-conclusory factual allegations in the complaint [, however,] must . . . be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 129 S.Ct. at 1951).  Where those factual allegations

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility.  Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 129 S.Ct. at 1949).

The Court's inquiry is limited pursuant to a Rule 12(c) analysis and should focus not on whether the plaintiff will ultimately prevail, but rather whether it should be entitled to offer evidence to support a claim.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A motion for judgment on the pleadings should only be granted if "it clearly appears according to the facts alleged, that the plaintiff cannot recover on any viable theory." Garita Hotel Ltd. P'ship. v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992).

Under ordinary circumstances, a district court may measure the plausibility of a complaint by means of a motion for judgment on the pleadings, pursuant to Rule 12(c).  Grajales v. P.R. Ports Auth., 682 F.3d 40, 45 (1st Cir. 2012).  The First Circuit Court of Appeals has indicated, however, that "once the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy the plausibility

requirement."[3]   Id. at 46.   In compliance with the First Circuit
Court of Appeals' indication, the Court finds it inappropriate to
apply the Rule 12(c) plausibility standard to any of the three[4]
claims by individual defendants, because litigation in this case
has proceeded for over nine years against defendants Izquierdo,
Fagundo, and Lluch, and the parties have invested substantial
resources in discovery.   See id. at 45–46.   Notwithstanding,
because the first two of individual defendants' arguments can
readily be resolved on the merits, the Court addresses those two
substantive contentions in an abundance of caution.   As to

---

[3] The First Circuit Court of Appeals reasons:

> An obvious anomaly arises in such a situation because a
> court attempting to determine whether a complaint should
> be dismissed for implausibility must decide, on the basis
> of the complaint alone, if the complaint lacks enough
> factual content to allow a "reasonable inference that the
> defendant is liable for the misconduct alleged." Iqbal,
> 556 U.S. at 678, 129 S.Ct. 1937.   This is, by its nature,
> a threshold inquiry, and logic strongly suggests that it
> occur prior to discovery . . . . An artificial evaluation
> of this sort seems especially awkward because one of the
> main goals of the plausibility standard is the avoidance
> of unnecessary discovery.   Applying the plausibility
> standard to a complaint after discovery is nearly
> complete would defeat this core purpose.

Grajales, 682 F.3d at 46.

[4] As stated above, individual defendants' three arguments in their
motion for judgment on the pleadings are:  (1) plaintiff's damages
claim pursuant to article 1802 of the Puerto Rico Civil Code is
time-barred; (2) individual defendants are not liable pursuant to
article 1802 because they enjoy qualified immunity; and
(3) plaintiff cannot prevail on its article 1802 claim because the
elements of a damages claim are not met.

individual defendants' third argument, though, the Court declines to entertain the Rule 12(c) motion because substantial pretrial discovery has taken place in this case, and "[i]gnoring the entire panoply of facts developed during discovery makes little sense." Id. Instead, it advises individual defendants to bring their third argument in a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56").

    **B.   Discussion**

        **1.   Statute of Limitations**

        Individual defendants first contend that plaintiff's article 1802 damages claims against them in their personal capacities, and against defendants Izquierdo and Fagundo in their official capacities, are time-barred.  (Docket No. 549 at p. 11.) They argue that plaintiff waited too long to name defendant Fagundo in his official and individual capacity, defendant Lluch in his individual capacity, and defendant Izquierdo in his individual capacity on April 15, 2003, because by the time plaintiff filed its amended verified complaint, the statute of limitations period had expired.  Id. at pp. 11-14.  Consequently, they seek dismissal of the claims against defendant Fagundo and defendant Lluch, as well as the claim against defendant Izquierdo in his individual capacity.  Id.

        The Puerto Rico Civil Code provides a one-year statute of limitations for claims pursuant to article 1802.  P.R.

Laws Ann. tit. 31, § 5298(2).  The statute of limitations or prescription period for those tort actions begins to run "from the time the aggrieved person has knowledge thereof." Id.; Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 406 (1st Cir. 2009) (citing Supreme Court of Puerto Rico case law to show that "the statute of limitations starts to run once the injured party knows both that he has suffered a harm and who is responsible for it.").  In this case, defendant PRHTA informed plaintiff that it was withdrawing its consent to the Settlement Agreement on February 14, 2001. (Docket No. 549 at p. 11.)  Plaintiff filed its original complaint less than one year later, on December 17, 2001.  (Docket No. 1.) Of the three individual defendants now sued, however, plaintiff named only defendant Izquierdo in his official capacity for "declaratory and injunctive relief" in the original complaint. Id. at p. 3.  On April 15, 2003,[5] the Court granted plaintiff leave to amend the complaint, (Docket No. 161), and on the same day, plaintiff filed an amended verified complaint in which it named defendant Lluch in his individual capacity, defendant Fagundo in his official and individual capacities, and added defendant Izquierdo in his individual capacity. (Docket No. 162 at pp. 3-4.)

---

[5] Individual defendants calculate April 15, 2003 to be 2 years, 2 months and 1 day after February 14, 2001—the date defendant PRHTA informed plaintiff of its intention to withdraw its consent to the Settlement Agreement.  (Docket No. 549 at p. 14.)

### a.   Defendant Lluch and Federal Rule 15(c)(3)

Plaintiff first responds that defendant Lluch's argument constitutes *res judicata* pursuant to Federal Rule of Civil Procedure 15(c)(3), ("Rule 15(c)(3)"),[6] because the Court denied his motion to quash service and to dismiss the action on October 25, 2006.  (See Docket No. 575 at p. 2; Docket Nos. 228, 237, 252.)  The Court agrees that defendant Lluch is barred from resurrecting the issue.  A presumption exists that "a successor judge should respect the law of the case."  Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002).  The doctrine of the law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  Pepper v. United States, 131 S. Ct. 1229, 1250 (2011) (internal citation omitted); United States v. Matthews, 643 F.3d 9, 12-13 (1st Cir. 2011) ("This means that a legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample

---

[6] Rule 15(c)(3) states, "An amendment of a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted if . . . [the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against the party."

opportunity to do so, becomes the law of the case for future stages of the same litigation.") (internal citation omitted).  An orderly judicial process "requires that judges of coordinate jurisdiction honor one another's orders and revisit them only in special circumstances."[7]  Ellis, 313 F.3d at 646.  The Court does not find any special circumstances in this case,[8] and accordingly declines to give way to the law of the case set forth in the Court's opinion at Docket No. 112.

---

[7] The law of the case doctrine affords litigants a high degree of certainty as to what claims are-and are not-still open for adjudication; furthers the abiding interest shared by both litigants and the public in finality; promotes efficiency; increases confidence in the adjudicatory process; and ensures that judges who too liberally second-guess their co-equals do not usurp the appellate function and embolden litigants to engage in judge shopping and similar forms of arbitrage.  Ellis, 313 F.3d at 646.

[8] The First Circuit Court of Appeals has noted that the question of special circumstances justifying a review of a previous judge's order "is case specific" and involves consideration of the following principles, none of which the Court finds in this case:

> [R]econsideration is proper if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative. Second, reconsideration may be warranted if there has been a material change in controlling law.  Third, reconsideration may be undertaken if newly discovered evidence bears on the question. Lastly, reconsideration may be appropriate to avoid manifest injustice. In that regard, however, neither doubt about the correctness of a predecessor judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to justify reconsideration.

Ellis, 313 F.3d at 647-48.

In his motion to quash and dismiss, defendant Lluch argued, *inter alia*, that plaintiff failed to comply with the requirements of Rule 15(c)(3).  (Docket No. 228.)  The Court denied the motion, albeit without analysis into the individual issue, (see Docket No. 252), but none of the defendants appealed the Order or sought reconsideration.  The Court's ruling is the law of the case, and it presents the identical issue now raised by defendants regarding the statute of limitations pursuant to article 1802.[9] Accordingly, the Court agrees that its previous order precludes defendant Lluch's statute of limitations claim and **DENIES** the individual defendants' request to dismiss plaintiff's article 1802 claim as against defendant Lluch.

### b.   Tolling and Relation Back Pursuant to Rule 15(c)(1)

Because plaintiff amended its complaint to add defendant Fagundo in his official and individual capacities and defendant Izquierdo in his individual capacity well after the one year statute of limitations, plaintiff's article 1802 claims against those defendants are time-barred unless the prescription period was effectively tolled.  See Rodriguez, 570 F.3d at 406. Plaintiff argues that because defendants Fagundo, Lluch, Izquierdo,

---

[9] "After the running of the relevant statute of limitations, Rule 15(c) determines whether a plaintiff may amend a complaint to add a defendant by relating the amended complaint back to the original one."  Pagan-Velez v. Laboy-Alvarado, 145 F.Supp.2d 146, 153 (D.P.R. 2001) (J. Fuste) (citing Wilson v. United States, 23 F.3d 559, 562 (1st Cir. 1994)).

and PRHTA are joint tortfeasors pursuant to article 1802, the
filing of the original action against PRHTA and defendant Izquierdo
in his official capacity tolled the applicable statute of
limitations as to defendant Fagundo in his official and individual
capacities and defendant Izquierdo in his personal capacity.  Id.
at pp. 5-7, 15.  Pursuant to Federal Rule of Civil Procedure
15(c)(1) ("Rule 15(c)(1)"), plaintiff argues that its subsequent
inclusion of the individual defendants relates back to the date of
the original complaint.  Id.

        "[A] plaintiff may amend a pleading to add new
defendants if relation back is permitted by the law that provides
the statute of limitations applicable to the action." Pagan-Velez,
145 F.Supp.2d at 157 (internal quotations and citation omitted);
see also Fed.R.Civ.P. 15(c)(1)(A).  Puerto Rico state law controls
both the running of the statute of limitations and the tolling of
the prescribed period.  See Pagan-Velez, 145 F.Supp.2d at 157.
Pursuant to article 1874 of the Puerto Rico Civil Code, "the
interruption of prescription against one defendant also tolls the

statute against any other defendants who are solidarily liable[10] with the first." Tokyo Marine & Fire Ins. Co. v. Perez & Cia., de P.R., Inc., 142 F.3d 1, 4 (1st Cir. 1998); P.R. Laws Ann. tit. 31, § 5304. "The essential feature of solidarity is that the solidary debtors are jointly responsible for the same obligation." Id. at 5. A claim against one defendant who is jointly liable pursuant to article 1802, therefore, interrupts the statute of limitations against all other jointly liable tortfeasors, because the act of interruption is seen as pertaining to a unitary obligation. See Rodriguez, 570 F.3d at 407 (citing Arroyo v. Hosp. La Concepcion, 130 P.R. Dec. 596, 606, 1992 Juris P.R. 66 (1992); P.R. Laws Ann. tit. 31, § 5304). Tolling is effective, however, only to identical causes of action. Rodriguez-Garcia v. Mun. of Caguas, 354 F.3d 91, 97 (1st Cir. 2004).

          For plaintiff properly to add defendant Fagundo in his official and individual capacities and defendant Izquierdo in his individual capacity through the relation back principle of Rule 15(c)(1), two conditions must be met:  (1) defendants must be

---

[10] The concept of "solidary liability" or "obligacion solidaria," which is the original term in Spanish, "is a term of art which is similar to, but not strictly synonymous with 'joint and several liability.'" Tokyo Marine, 142 F.3d at 4 n. 1.  The solidarity doctrine "is based on the theory that there is one obligation, shared by several debtors [. . . and in] such situations, the interruption of prescription against one defendant also interrupts the prescription of claims against any other defendants who are solidarily liable with the first." Rodriguez v. Suzuki Motor Corp., 570 F.3d at 407.

solidarily liable under Puerto Rico law, and (2) plaintiff's amended verified complaint must assert identical causes of action against defendants Fagundo and Izquierdo as its original complaint asserted against defendant Izquierdo and PRHTA.  See Pagan-Velez, 145 F.Supp.2d at 157.  The Court addresses these conditions in turn.

### i.   Joint Tortfeasor/Solidary Liability

Pursuant to article 1802, when the negligent acts of more than one person have adequately caused a harm,[11] each such person is a joint tortfeasor who is liable in full to the plaintiff for the harm caused.  Tokyo Marine, 142 F.3d at 4. Plaintiff alleges that defendants are jointly liable pursuant to article 1802; in both the original and the amended verified complaint, plaintiff states, "Defendants, through their acts or omissions, negligently or maliciously, caused [plaintiff] significant economic damages . . . ."  (See Docket No. 1 at pp. 53-54; Docket No. 162 at p. 25.)  Both complaints also allege the acts of each defendant and claim that collectively, the defendants arbitrarily and discriminatorily denied consideration of plaintiff's bid proposals; rejected plaintiff's bid proposals; cancelled bid proposals and construction or remodeling bids; and

---

[11] In order for liability to attach, the negligent act must be the "adequate cause" of the harm.  Adequate cause, a concept similar to proximate cause, permits more than one person to be found to have "caused" the harm.  Tokyo Marine, 142 F.3d at 4.

Civil No. 01-2690 (FAB)                                                      14

terminated government contracts previously executed with plaintiff.

(See Docket No. 1 at pp. 10-11; Docket No. 162 at pp. 11-22.)   If

plaintiff can meet its evidentiary burdens with respect to each

defendant pursuant to article 1802, those defendants who are found

liable will be joint tortfeasors liable each in full to plaintiffs

for the harm caused.   See Tokyo Marine, 142 F.3d at 4; Pagan-Velez,

145 F.Supp.2d at 157.

### ii.   Identical Cause of Action

The Court next considers whether the

original complaint and the amended verified complaint assert an

identical cause of action against defendants.   In its original

complaint, plaintiff's sixth cause of action alleges that, pursuant

to article 1802, "[d]efendants, through their acts or omissions,

negligently or maliciously, have caused RCC significant economic

damages, including lost profits, loss of goodwill, compensable bid

preparation   costs,   and/or   possible   liability   to   RCC's

subcontractors."   (Docket No. 1 at pp. 53-54.)   In the amended

verified complaint, plaintiff's fourth cause of action, pursuant to

article 1802, alleges that "[d]efendants, through their acts or

omissions, negligently or maliciously, caused RCC significant

economic damages, including lost profits, loss of goodwill,

compensable bid preparation costs, and/or possible liability to

RCC's subcontractors."   (Docket No. 162 at p. 25.)   Because

plaintiff is asserting identical causes of action, defendant

Fagundo and defendant Izquierdo could be held solidarily liable with defendants Lluch and PRHTA for purposes of tolling the running of the statute of limitations.  See Pagan-Velez, 145 F.Supp.2d at 158; P.R. Laws Ann. tit. 31, § 5304.  Accordingly, the Court finds that plaintiff properly added in its amended verified complaint defendant Fagundo in his official and individual capacities and defendant Izquierdo in his individual capacity to his action, pursuant to Rule 15(c)(1).

## 2.   Individual Defendants' Article 1802 Liability

The individual defendants next contend that dismissal of plaintiff's article 1802 damages claim is warranted because they are entitled to a qualified immunity defense, and in the alternative that plaintiff failed to satisfy the required elements of a damages claim.  (Docket No. 549 at pp. 15-20.)  As discussed above, the Court disposes of the qualified immunity contention on the merits.  It declines to entertain the argument, however, that plaintiffs fail to establish the elements of an article 1802 claim, pursuant to Rule 12(c).[12]

Defendants Izquierdo, Fagundo, and Lluch claim to be entitled to a qualified immunity defense for their actions as government officials.  Citing Romero Arroyo v. ELA, 127 D.P.R. 724

---

[12] As stated above, at this advanced stage in the litigation, a motion for summary judgment pursuant to Rule 56 is the more appropriate forum in which to evaluate that claim.

(1991),[13] they argue that "an official does not respond, in his personal capacity, for his negligent or culpable acts when those acts have been realized acting in his official capacity and within the framework of his functions." Defendants' argument must fail. The performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the [state] . . . [and] the Eleventh Amendment bars state law claims against state officials for injunctive or monetary relief." Guillemard-Ginorio v. Contreras-Gómez, 585 F.3d 508, 531 (1st Cir. 2009) (citation and quotation omitted). For an individual official to share Eleventh Amendment immunity, however, the entity for whom he or she works must first be entitled to the immunity. The Court previously ruled that the PRHTA is not entitled to Eleventh Amendment immunity as an arm of the state. (Docket No. 11 at pp. 30-40.) The First Circuit Court of Appeals affirmed the Court's decision, stating:

> [T]he Supreme Court of Puerto Rico has twice held that the statutory structure of the [PRHTA] clearly indicates a legislative intent that the [PRHTA] act as a private enterprise outside the protection of the Commonwealth's

---

[13] "Where a party makes a motion . . . based on a decision that was written in a foreign language, the party must provide the district court with and put into the record an English translation of the decision." Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). In addition, Local Rule 5(g) requires all documents not in the English language that are presented or filed to be accompanied by a certified translation into English. D.P.R. Civ. R. 5(g). In light of the defendants' failure to provide that translation, the Court will not consider the Romero-Arroyo case in its analysis. See Dalmau, 544 F.3d at 67.

> immunity. <u>Morales Morales</u>, 140 D.P.R. 1, 1996 Juris P.R.
> 12; <u>Union Asociacion de Empleados</u>, 19 P.R. Offic. Trans.
> 139 . . . . The Commonwealth's highest court has held
> that the statutory structure of [PRHTA] indicates that
> Puerto Rico did not intend it to be treated as an arm of
> the state, and we see no reason to decide otherwise.

<u>Redondo Constr. Corp. v. P.R. Highway & Transp. Auth.</u>, 357 F.3d

124, 128 (1st Cir. 2004).  Because the PRHTA is not entitled to

Eleventh Amendment immunity,[14] the Court rejects defendants' claim

that they are entitled to immunity from plaintiff's article 1802

claim.

          For the reasons stated above, the Court **DENIES**

individual defendants' motion for judgment on the pleadings based

on their statute of limitations and qualified immunity arguments.

The individual defendants may resubmit their article 1802

negligence argument in a Rule 56 motion for summary judgment.

**II.  MOTIONS IN COMPLIANCE WITH ORDER: REMAINING CLAIMS**

     In their motions in compliance with the Court's March 22, 2012

Order, the individual defendants and defendant PRHTA contend that

the law of the case from Docket No. 112, as well as Law 458 and

other Puerto Rico case law, preclude plaintiff from recovering any

damages under any theory for breach of the Settlement Agreement.

(Docket Nos. 547 and 550.)

---

[14] Also for this reason, the Court rejects individual defendants'
argument that a state law cap of $150,000 applies to plaintiff's
article 1802 damages claim against them.  (<u>See</u> Docket No. 547 at
pp. 2, 25-28.)

Discussing debarment pursuant to Law 458, the Court previously noted in Docket No. 112, "Plaintiff has no right to participate in government bidding or obtain government contracts." (Docket No. 112 at p. 14.) It later reasoned, "Plaintiff would have to be legally entitled to participate in government contract bidding in order for a change in status to have been effectuated. It is undisputable, however, that award procedures are not designed to establish private entitlements to public contracts but to produce the best possible contracts for the government." Id. at p. 17. Finally, the Court concluded that plaintiff "did not enjoy a protected liberty interest in continuing participation in bidding on government contracts or a property interest to continued government contracts." Id. at p. 19. Because Law 458 prohibits the government from awarding any bids or contracts to a person who has been convicted of or has pleaded guilty to fraud, defendants argue that plaintiff could not have been awarded any bids or contracts even if it had been able to bid in compliance with the settlement agreement.[15] (Docket No. 547 at pp. 17-18; Docket No. 550 at pp. 38-53.) Defendants also cite a multitude of Puerto

---

[15] In response, plaintiff encourages the Court to view its opinion in Docket No. 112 holistically. (Docket No. 575 at pp. 15-17.) It argues that the Court's statements in Docket No. 112, when read in conjunction with the subsequent holdings of this Court and the First Circuit Court of Appeals, do not preclude plaintiff from seeking damages for what the Puerto Rico Commonwealth Court conclusively established to be a breach of the settlement agreement. Id.

Rico cases to argue that a participant in a government bid in Puerto Rico who is not awarded the bid does not have a recognized claim for damages.  (See, e.g., Docket No. 547 at p. 19; Docket No. 550 at pp. 17-23.)  Accordingly, defendants contend that plaintiff does not have a cognizable claim for damages in Puerto Rico because its claim is for a breach of the Settlement Agreement, which would have allowed plaintiff only to participate in government projects.[16]  (Docket No. 550 at p. 46.)

Defendants' arguments are unavailing for two reasons.  First, the First Circuit Court of Appeals specifically acknowledged plaintiff's entitlement to obtaining a remedy for breach of the Settlement Agreement.  Second, the arguments only address the remedy of specific performance and ignore altogether the possibility of other recoverable damages for plaintiff's claims.

The First Circuit Court of Appeals demonstrated that plaintiff has an available remedy for PRHTA's breach when it upheld the Court's dismissal of plaintiff's Contract Clause claim.  It reasoned:

> No action of the defendants, and nothing in Law 458, prevents [plaintiff] from obtaining a remedy for a demonstrated breach of the settlement agreements. [Plaintiff] is free to sue [defendants] for breach of the settlement agreements, and has indeed done so by bringing the local law claims asserted in this action.  Neither [defendant] has asserted as an affirmative defense that

---

[16] Plaintiff responds that the Puerto Rico case law relied upon by defendants "is completely irrelevant to the case at hand." (Docket No. 575 at p. 21.)

it is excused by Law 458, or any other Puerto Rico legislative action, from compensating [plaintiff] in damages if [plaintiff] establishes a breach of contract. Nor has any court ruled that [plaintiff] has no entitlement to compensation in damages if it succeeds in showing breach of the settlement agreements.

(Docket No. 526 at pp. 14-15.) The First Circuit Court of Appeals further noted that the Puerto Rico Court of Appeals conclusively ruled that defendant PRHTA breached the Settlement Agreement, "leaving unresolved only the issue of whether [plaintiff] was entitled to damages for [defendant's] breach, and if so, how much."[17] Id. at p. 18. Defendants now claim that Puerto Rico law excuses them from being able to compensate plaintiff at all.[18]

---

[17] This Court previously held that "the Puerto Rico Court of Appeals fully adjudicated the lawfulness of [defendant PRHTA's] decision to terminate the Settlement Agreement and that it ruled in favor of [plaintiff] when it held that [defendant PRHTA] breached the Settlement Agreement. That Judgment is final and unappealable." (Docket No. 469 at p. 13.) In light of the Puerto Rico Court of Appeals' judgment, the Court agrees with the First Circuit Court of Appeals that the remaining claim before it is for damages for the breach of the Settlement Agreement,(see Docket No. 540 at pp. 3, 7-8), and declines to rescind the contract under the doctrine of rebus sic stantibus, which is what defendant PRHTA seeks. (See Docket No. 550 at p. 49.)

[18] In response to defendants' argument, plaintiff invokes the doctrine of judicial estoppel. Under that theory, it contends that defendants may not now allege that Law 458 precludes defendants from compensating plaintiff for its damages. (See Docket No. 570 at pp. 2-11; Docket No. 575 at pp. 15-20.) Even if the Court were to find that defendants are judicially estoped from raising this defense more than nine years after commencement of the action, however, an assessment of plaintiff's damages under Puerto Rico law would necessarily involve an analysis of Law 458 and Puerto Rico case law's application to plaintiff's claims. The Court therefore declines to engage the judicial estoppel argument and defers the issue of the calculation of damages—and the effect of those laws on the calculation—to a subsequent proceeding.

(Docket Nos. 547 and 550.)  A brief overview of Puerto Rico breach of contract and article 1802 law, however, leads the Court to a different conclusion.

Plaintiff has informed the Court that the remaining Commonwealth claims before it arise under the breach of contract provisions of the Puerto Rico Civil Code and article 1802. (Docket No. 540 at p. 7.)  In Puerto Rico, a settlement agreement, like any other contract, requires judicial intervention to cure one party's breach. Neca Mortg. Corp. v. A&W Developers S.E., 137 D.P.R. 860, 1995 P.R.-Eng. 905,586 (1995).  The Puerto Rico Supreme Court has held that "[w]hen the breach of a contractual obligation causes harm to any of the contracting parties, an action for damages for breach of contract lies."  Soc. de Gananciales v. Velez & Asoc., 145 P.R. Dec. 508, 1998 P.R.-Eng. 313,060 (1998).  When a party breaches a contract, it "is liable to the aggrieved party for damages which were foreseen or may have been foreseen." Oriental Fin. Group, Inc. v. Fed. Ins. Co., 483 F.Supp.2d 161, 165 (D.P.R. 2007).  The concept of damages under Puerto Rico law is "any material or moral loss suffered by a person, either in its natural rights or in its property or patrimony, brought about by violation of a legal provision and which is chargeable on another party." Muñiz-Olivari v. Stiefel Laboratories, Inc., 441 Fed. Appx. 4, 6 (1st Cir. 2011) (citing Garcia-Pagan v. Shiley Caribbean, 22 P.R. Offic. Trans. 183, 196, 122 D.P.R. 193, 1988 Juris P.R. 101 (P.R.

1988)).  In pure breach of contract actions, remedies are generally limited to the remedies provided in the contract.  See P.R. Aqueduct & Sewer Auth. v. Constructora Lluch, 169 F.3d 68, 79 (1st Cir. 1999).  The Puerto Rico Court of Appeals has noted, however, that only "a minority of the Spanish doctrine indicates that the only remedy available in cases of settlement contract breaches was the imposition of mandatory compliance with the settlement agreement." Neca Mortg. Corp., 1995 P.R.-Eng. 905, 586; see also Docket No. 327-6 at p. 14 (certified translation of Redondo Const. Corp. v. P.R. Highway & Transp. Auth., 2005 WL 1475931 (TCA, 2005)).  Accordingly, the Court declines to dismiss plaintiff's claims simply because Law 458 prevents one type of remedy—mandatory compliance with the Settlement Agreement.

Law 458 and Puerto Rico case law also do not preclude the recovery of all damages under a tort theory; in Puerto Rico, "if a party is damaged by acts or omissions that constitute both a breach of contract and a breach of duty, the damaged party may make a tort claim based on the breach of contract." Constructora Lluch, 169 F.3d 68, 79 (1st Cir. 1999).  This is the case here, where plaintiff seeks damages pursuant to article 1802 for defendants' breach of the Settlement Agreement.  (See Docket Nos. 1, 162, 262.) Pursuant to article 1802, "[a] person who by act or omission causes damages to another through fault or negligence shall be obliged to repair the damage so done."  P.R. Laws Ann. tit. 31 § 5141.  "The

principle underlying the calculation of damages is clear:  damages

in Puerto Rico are compensatory." Id.  In determining the amount

of damages that plaintiff is entitled to recover, a district court

"must not lose sight of the fact that [article 1802], being a

remedial statute, should be liberally construed to accomplish its

purpose." Id.  It is currently unclear to the Court exactly what

damages plaintiff seeks to recover for its breach of contract and

article 1802 claims;[19] for the purposes of defendants' motions

before the Court, however, the Court need only address whether Law

458 or other Puerto Rico case law entirely prevents plaintiff from

being able to recover under any theory of damages.  As discussed

above, the Court at this juncture, and without a hearing on

plaintiff's alleged damages, declines to find that absolutely no

avenue exists for defendants to remedy plaintiff for the breach of

contract and negligence claims under Puerto Rico law.  It therefore

**DENIES** defendants' motions in compliance with the Court's March 22,

2012 Order.

## III. MOTION TO STRIKE

Defendant PRHTA requests that the Court strike language

contained in plaintiff's motion in compliance with the Court's

Order, Docket No. 545, "for including indecorous and scandalous

---

[19] Plaintiff submitted an initial report on damages in 2008,
(Docket No. 459-9), and its second amended complaint, (Docket
No. 262), alleges damages in general terms.  It does not, however,
address damages in its responses to defendants' motions currently
before the Court.

language and for requesting sanctions pursuant to [Federal Rule of Civil Procedure 11 ("Rule 11")] without complying with the provisions of said Rule." (Docket No. 557 at p. 4.) Plaintiff responded by acknowledging that it had not followed Rule 11's prescribed procedures, and stated that it "does not object to this Honorable Court disregarding those references to Rule 11 and addressing such matter at the appropriate time when [plaintiff] has had the opportunity to comply with the notice and procedure established in Rule 11." (Docket No. 558 at p. 3.) Nonetheless, in defendant PRHTA's reply, it requests that the Court order plaintiff "to remove the improper, impertinent and scandalous language against [defendant] PRHTA and its legal representation, contained within [plaintiff's] brief," pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). (Docket No. 573 at p. 2.)

The Court is not surprised to find unprofessional and lowbrow language in plaintiff's brief. Perhaps it is due to the frustration counsel must feel because of the length of these proceedings; perhaps it is due for other reasons only counsel knows. The Court must, however, admonish plaintiff's counsel never again to include the types of superfluous adjectives and descriptions that appear in the motion in any further pleading or document filed in this Court. The legal theory upon which defendant PRHTA relies to bring its motion to strike, however, does not provide an avenue of relief for defendant PRHTA. Rule 12(f)

allows a court to strike <u>from a pleading</u> any redundant, immaterial, impertinent, or scandalous matter.  Because the language defendant PRHTA seeks to strike is contained in a motion in compliance with the Court's Order, and not in a pleading,[20] the Court **DENIES** defendant PRHTA's motion to strike.

**IV.  CONCLUSION**

        Accordingly, the Court **DENIES** individual defendants' motion for judgment on the pleadings (Docket No 549); **DENIES** defendant PRHTA's motion in compliance (Docket No. 550); **DENIES** the individual defendants' motion in compliance (Docket No. 547); and **DENIES** defendant PRHTA's motion to strike (Docket No. 557).  The individual defendants may resubmit their article 1802 negligence argument in a Rule 56 motion for summary judgment.

        **IT IS SO ORDERED**.

        San Juan, Puerto Rico, December 3, 2012.


                                <u>s/ Francisco A. Besosa</u>
                                FRANCISCO A. BESOSA
                                UNITED STATES DISTRICT JUDGE

---

[20] Federal Rule of Civil Procedure 7(a) lists the types of pleadings: a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third party complaint, and a reply to an answer.